Action for a malicious prosecution. — The declaration recited that the defendant had taken' out a State warrant, charging him, the plaintiff, with having feloniously taken and carried away a brindle pided steer, the property of the defendant. The record produced to support this part of the declaration was a writ describing the steer as a stray, which had been appraised in the possession of the defendant; for this and other reasons it was objected, by WHITESIDE, that the record could not be given in evidence.
The record cannot be given in evidence. (POWEL, J., absent.)
For the defendant, were cited Esp. 531; Court Law, Roulst. 20, § 62. For plaintiff, Esp. N. P. 530; 1 Salk. 14.
 Nonsuit.
ORIGINAL NOTE. — John Ward, who was summoned as a witness for the defendant, was called as a juror, and was challenged, upon which much argument took place on both sides.
This is a challenge for favor, and not a principal challenge. Let the two first on the sheriff's list be sworn on the jury, and as triers; the Court permitted these two, when called, to be asked if they had formed any settled opinion.
When the triers were sworn, the person offered as a juror was sworn and examined; the two triers returned, and gave a verdict that the person offered was indifferent, and then he was sworn on the panel.
Upon motion to set aside the nonsuit, it was insisted that the Court erred in excluding the record, and stated that WHITE and HAYWOOD were counsel for the plaintiff, that they were now absent, and prayed the Court to allow of further time to argue till next term. It would be surprise to determine it now; that no instance had taken place where the parties had been refused time for further argument. *Page 251